———————o———————

No. 6943.

## MRS. AUGUST LATAPIE v. SUN INSURANCE CO.
### Syllabus.

1. The proceeds of a policy of fire insurance taken out in her own name and for her own benefit by a wife living apart from her husband, the premiums of which are paid from her earnings, and her separate property. Act 170 of 1912.

2. The fact that property insured may belong to the community is immaterial, since the proceeds of the policy do not stand in lieu of the property destroyed.

Appeal from the Civil District Court, Parish of Orleans, No. 115,691, Division "D"; Honorable Porter Parker, Judge. Affirmed.

Charles Louque, for plaintiff and appellee.

E. J. McGivney, for defendant and appellant.

S. L. Feibleman, for intervenor.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In this case plaintiff, then living apart from her husband within the purview of Act 170 of 1912, insured in her own name and clearly for her own benefit the household furniture left in her possession when the husband quitted the connubial domicile, the premiums being paid by her from her earnings as seamstress.

The property having been destroyed by fire, her claim for the insurance money due under the policy is resisted by

233

her husband on the ground that it is community asset and therefore should be paid to him.

The proceeds of a policy of fire insurance procured and paid for by the wife's earnings under such circumstances constitute "property purchased with the funds thus derived" and belong to her separate estate under the statute. Act 170 of 1912.

The wife claims that the furniture insured was her separate property while the husband insists that it belonged to the community. But a determination of that controversy is not necessary. The proceeds of the insurance policy do not stand in lieu of the property destroyed, the right to receive the former being a matter of contract alone between the insurer and the insured.

> *U. S. Fire Insurance Co. v. Meyer, No.* 6328
> of our docket.

The judgment awarding the fund to the wife is correct and it is accordingly affirmed.

Affirmed.

Opinion and decree, February 19th, 1917.